UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

KHUSHPAL K. SARAN,

                Plaintiff,

-against-

JOSEPH A. PETERS, DONLEN CORP., et al.,

                Defendants.

No. 16-CV-6013 (NSR)
OPINION & ORDER

NELSON S. ROMÁN, United States District Judge

Plaintiff brings this action, under diversity jurisdiction pursuant to 28 U.S.C. § 1332, against Defendants Joseph A. Peters, Donlen Corp., John Does I – X, ABC Corps. I – X, and XYZ Employer I – X for damages arising from a July 28, 2013 automobile accident.

Presently before the Court is Plaintiff's motion for an extension of time to serve Defendants. (ECF No. 2.) For the following reasons, Plaintiff's motion is GRANTED.

## BACKGROUND

Plaintiff commenced the instant action by filing a Complaint on July 27, 2016. (ECF No. 1.) The Complaint was rejected due to a filing error and Plaintiff's attorney was notified on the docket that the pleading was deficient. On August 3, 2016, this case was assigned to this Court. There had been no action in this matter until May 10, 2019 when Plaintiff filed the motion presently before the Court.

Through Plaintiff's motion, Plaintiff's counsel informs the Court that several circumstances conspired to cause Plaintiff to fail to serve Defendants. First, Plaintiff's firm experienced staffing issues around the time of the filing of this Complaint, and Plaintiff's counsel, Mr. Calcagno, was the sole attorney remaining at the firm who could handle Plaintiff's

case. (Pl.'s Mem. of Law in Supp. of its Mot.to Extend Time to Serve, p. 4, ECF No. 2.) In June 2017, Mr. Calcagno's brother became ill and passed away while Mr. Calcagno was preparing for trial on another matter. (*Id.* pp. 4 – 5.) Then, in August 2017, the office manager for the firm had to take four months of medical leave. (*Id.* p. 5.) The next month, Mr. Calcagno's father suffered a stroke, and Mr. Calcagno became his primary caregiver. (*Id.*) Pursuant to Federal Rules of Civil Procedure Rule 4(m) and New York Civil Practice Law and Rules § 306-b, Plaintiff requests that the Court grant an extension of time to serve Defendants.

## LEGAL STANDARDS

Federal Rule of Civil Procedure 4(m) provides that "[i]f a defendant is not served within 90 days after the complaint is filed, the court —on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant . . . ." Fed. R. Civ. P 4(m). If, however, "the plaintiff shows good cause for the failure, the court *must* extend the time for service for an appropriate period." *Id.* (emphasis added). Moreover, even absent a showing of good cause, "a court has the discretion to grant an extension of time to serve the defendant." *Hahn v. Office & Prof'l Emp. Int'l Union, AFL-CIO*, 107 F. Supp. 3d 379, 382 (S.D.N.Y. 2015) (citing *Zapata v. City of New York*, 502 F.3d 192, 196–197 (2d Cir. 2007)).

Further, the applicable state law normally requires that service occur within 120 days after the commencement of an action, but also provides that the court may "upon good cause shown or in the interest of justice, extend the time for service. N.Y. CPLR § 306-b. An extension should be granted for "good cause" if the plaintiff shows reasonable diligence in attempting to effect service upon the defendant. *Leader v. Maroney, Ponzini & Spencer,* 97 N.Y.2d 95, 104 – 06 (2001). In deciding whether the defendant should be extended "in the interest of justice," the court may consider several factors, including the plaintiff's diligence, the

expiration of the statute of limitations, the meritorious of the cause of action, the length of delay in the service, and prejudice to the defendant. (*Id.*)

## DISCUSSION

While Plaintiff's counsel in this matter has been far from diligent, even considering the challenging circumstances described in Plaintiff's motion and supporting papers, the Court finds that it is in the interest of justice to grant Plaintiff an extension of time to serve Defendants. The difficulties Plaintiff's counsel endured essentially concluded in February 2018, when the firm's office manager returned to work following her medical leave. Yet Plaintiff's counsel took no action in this case for over one year following the office manager's return. Attorneys have many demands on their time, both professional and personal, but it is their responsibility to both their clients and to the Court to diligently pursue their cases to conclusion.

However, the Court is also sympathetic to the difficulties of Plaintiff's counsel and the challenging timing of the problems described in the motion. These circumstances, together with the Second Circuit's preference for resolving litigation disputes on their merits, *Cody v. Mello*, 59 F.3d 13, 15 (2d Cir. 1995), warrants an extension of time to effectuate service pursuant to Federal Rules of Civil Procedure Rule 4(m). *See Henderson v. United States,* 517 U.S. 654, 658 n. 5 (noting that Rule 4(m) "permits a district court to enlarge the time for service 'even if there is no good cause shown.' ").

## CONCLUSION

For the foregoing reasons, Plaintiff's motion for an extension of time to serve Defendants is GRANTED. Plaintiff shall properly effectuate service on or before July 1, 2019. Plaintiff is also directed to address the filing errors noted on the docket. The Court respectfully directs the Clerk of the Court to terminate the motion at ECF No. 2.

Dated: May 13, 2019
       White Plains, New York

SO ORDERED:

_____
NELSON S. ROMÁN
United States District Judge